**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04900-NYW

JAVIER GUTIERREZ HERRERA,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed by Petitioner Javier Gutierrez Herrera ("Petitioner" or "Mr. Gutierrez Herrera"). [Doc. 1]. Respondent filed a Response, stating that he "is not submitting a brief in opposition to the Petition." [Doc. 7 at 1]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## DISCUSSION

Mr. Gutierrez Herrera is a citizen of Mexico who is a "long-term resident" of the United States. [Doc. 1 at 6–7]. He was detained by ICE following an arrest earlier this year in Florida and is currently detained at the ICE Detention Center in Aurora, Colorado. [*Id.* at 2–3, 7]. Mr. Gutierrez Herrera alleges that he "has been detained without an individualized custody hearing before an impartial adjudicator where the Government bears the burden of justifying his continued deprivation of physical liberty." [*Id.* at 6]. He

brings three claims relating to his detention: (1) violation of his Fifth Amendment substantive and procedural due process rights "via prolonged, arbitrary detention without an individualized bond hearing"; (2) "unlawful reliance on unprosecuted arrests and dismissed state charges," i.e. that "ICE has based its custody determination and adverse immigration posture on superseded local arrest records" from Florida; and (3) "violation of statutory mandates, right to legal documentation renewal, and administrative due process in prolonged confinement." [*Id.* at 2–3 (emphasis omitted)]. As relief, he requests immediate release, or alternatively an individualized bond hearing before an immigration judge. [*Id.* at 5].

Respondent concedes that he "is not submitting a brief in opposition to the Petition," so any arguments opposing Petitioner's allegations are waived. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

As previously explained in detail by the Court, 8 U.S.C. § 1226(a) applies to noncitizens like Petitioner who have resided in the United States for years and were detained within the United States. *See, e.g.*, *Buckle v. Baltazar*, 26-cv-04647-NYW, 2026 WL 2948770, at *2 (D. Colo. Oct. 1, 2026) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)). And it is well-established that a noncitizen subject to § 1226(a) is eligible for bond. *Santillan Quiroz*, 180 F.4th at 1237. Because Mr. Gutierrez Herrera has not received a bond hearing, his detention violates § 1226(a) and his Fifth Amendment due process rights. *See, e.g.*, *Buckle*, 2026 WL 2948770 at *2 (collecting

cases).

The Petition is therefore **GRANTED** as to Mr. Gutierrez Herrera's first claim that his detention violates his due process rights. As for the appropriate relief, Mr. Gutierrez Herrera requests release, [Doc. 1 at 5], and Respondent agrees that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent . . . release Petitioner from detention," [Doc. 7 at 1–2]. Accordingly, the Court **ORDERS** that Respondent **SHALL RELEASE** Petitioner **within 48 hours** of the entry of this Order. Because the Court has granted Mr. Gutierrez Herrera's requested relief, the Court need not address his other claims.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondent **SHALL RELEASE** Petitioner from custody;

(3) On or before **October 29, 2026**, Respondent **SHALL FILE** a status report confirming that Petitioner was released; and

(4) The Clerk of Court is **DIRECTED** to send a copy of this Order to the Petitioner at his address of his record.

DATED: October 22, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge